UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CINDY BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KEVIN HERTWECK, ) | |
| Deputy ROY WRIGHT, ) | |
| Deputy ROBERT D SCHMITT, ) | |
| Deputy M. HARRISON, ) | 3:13-cv-00034-RLY-WGH |
| Deputy C. HOWARD, ) | |
| Deputy R. MILLER, ) | |
| Deputy S. SUNDERMAN, ) | |
| Sheriff ERIC WILLIAMS, ) | |
| VANDERBURGH COUNTY, INDIANA, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Cindy Bradley, is a resident of Mt. Vernon, Indiana, who was arrested in the early morning hours of April 6, 2012, by Vanderburgh County Sheriff Deputy Kevin Hertweck. Plaintiff filed the present lawsuit under 42 U.S.C. § 1983, claiming that Defendants violated her constitutional right to be free from the excessive use of force in her arrest and under state tort law for battery and assault. Defendants, Kevin Hertweck, Roy Wright, Robert D. Schmitt, M. Harrison, C. Howard, R. Miller, and S. Sunderman, individually (collectively, the "Individual Defendants"); Eric Williams, in his capacity as Vanderburgh County Sheriff ("Sheriff Williams"); and Vanderburgh County, Indiana

("Vanderburgh County"), move to dismiss the Complaint. For the reasons set forth below, the motion is **GRANTED** as follows.

## I.     Dismissal Standard

Defendants bring their motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). The purpose of this motion is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 1964-65.

## II.    Background

In evaluating a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004). Thus, the facts are as follows.

On April 6, 2012, at 2:56 a.m., Vanderburgh County Deputy Sheriff Hertweck witnessed Plaintiff Cindy Bradley disregard a traffic light when turning east bound on Lynch Road from U.S. Hwy 41. (Complaint ¶ 7). Deputy Hertweck activated the lights on his police car in order to compel Bradley to stop. (*Id.* at ¶ 8). Bradley did not stop

immediately for Deputy Hertweck and continued driving until she reached or was near Sugar Creek Apartments on north Green River Road.  (*Id.* at ¶ 9).

Bradley was alone in the vehicle, unarmed, and did not attempt to resist the officers or to exit the vehicle.  (*Id.* at ¶ 10).  Nevertheless, Deputy Hertweck commanded his police canine, Ali, to sic Bradley.  (*Id.* at ¶ 11).  The dog bit and tore at Bradley as she was seated in her automobile.  (*Id.*).  Bradley received medical care while in the custody of the Vanderburgh County Sheriff's Department due to these injuries. (*Id.* at ¶ 14).

The complaint is unclear as to exactly when Deputies Wright, Schmitt, Harrison, Howard, Miller, and Sunderman (collectively, the "Deputy Defendants") became involved in the pursuit of Bradley; however, it alleges that they were present by the time the canine bit and tore at Bradley.  In addition, according to Bradley, the Deputy Defendants "lent their physical presence and support and authority of their office to each other during the said events."  (*Id.* at ¶ 16).

As a result of the incident on April 6, 2012, Bradley filed a complaint on March 12, 2013,  asserting three counts: Count I under 42 U.S.C. § 1983 against the Individual Defendants; Count II under Indiana tort law for assault and battery against the Individual Defendants; and Count III under 42 U.S.C. § 1983 against the County of Vanderburgh. Defendants filed the present Motion to Dismiss on June 14, 2013.  Thereafter, Bradley filed her First Amended Complaint (Docket # 17), which is substantially similar to the original complaint and contains no new factual allegations against the Individual Defendants.  (See Motion for Leave to File First Amended Complaint).  The First

3

Amended Complaint contains new allegations against Sheriff Williams that the court will not address here.

### III. Discussion

#### A. Count I – 42 U.S.C. § 1983 Against Individual Defendants

The Deputy Defendants move the court to dismiss Count I as against them. In Count I under 42 U.S.C. § 1983, Bradley asserts that the Deputy Defendants violated her Fourth Amendment right to be free from the use of excessive force during her seizure and arrest.

For liability to arise under Section 1983 against the Deputy Defendants, Bradley's complaint must state facts showing that they were "personally responsible for a deprivation of a constitutional right." *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 811 (7th Cir. 2000). To show personal involvement, a plaintiff must show that the defendants "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir. 1988); *see also Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009) ("To be personally responsible, an official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.").

Bradley brings forth two allegations against the Deputy Defendants. She first alleges that they pulled her over for running a red light. (Complaint ¶ 8). Her second and final allegation is that they "assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events." (Complaint ¶ 16). The various actions would consist

4

of the pursuit of Bradley's vehicle, the stop of Bradley's vehicle, and the use of the canine by Deputy Hertweck.

Bradley's complaint fails to allege facts supporting the allegation that the Deputy Defendants knew of and participated in the deprivation of her constitutional rights. The only specific participation alleged is that the Deputy Defendants engaged in the pursuit and stop of Bradley's vehicle after she fled from Deputy Hertweck. As Bradley concedes in her Response in Opposition to the Motion to Dismiss, the officers had probable cause to stop Bradley. Other than participating in the lawful seizure of Bradley, the complaint fails to allege any specific action or inaction constituting an excessive use of force taken by Deputy Defendants which could constitute participation in the violation of her constitutional rights.

Without any facts alleged to show participation by the Deputy Defendants, the Motion to Dismiss Count I is **GRANTED** for Deputy Defendants Wright, Schmidt, Harrison, Howard, Miller, and Sunderman.

### B. Count II – Assault and Battery Against Individual Defendants

In Count II, Bradley asserts state law tort claims of assault and battery against the Individual Defendants. Under the Indiana Tort Claims Act, "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." IND. CODE § 34-13-3-5(b). The Indiana Supreme Court has held that "if the complaint alleges that a government employee acted within the scope of employment, then a motion to dismiss under Trial Rule 12(B)(6) would be the appropriate course of action." *Bushong v. Williamson*, 790 N.E.2d 467, 472

fn. 4 (Ind. 2003); *see also Wilson-El v. Majors*, No. 1:12–cv–638–TWP–DML, 2012 WL 5929983, *3 (S.D. Ind. Nov. 27, 2012).

Here, Bradley asserts in Paragraph 12 of her complaint that the Individual Defendants were "each acting in the scope of his or her employment." Therefore, the assault and battery claims against the Individual Defendants are barred under Indiana statute. The motion to dismiss Count II with prejudice is hereby **GRANTED**.

### C.  Count III – 42 U.S.C. § 1983 Against County of Vanderburgh

Count III of the original complaint is against Vanderburgh County, Indiana. Bradley agreed to a dismissal of the claims against Vanderburgh County if the court granted her Motion for Leave to Amend the Complaint, which the court did. While Bradley removed Vanderburgh County, Indiana from the case caption on her Amended Complaint, she still asserts in Paragraph 1 of the Amended Complaint that she is suing Vanderburgh County. Additionally the heading for Count III in the Amended Complaint indicates that it is brought against Vanderburgh County. Although these are likely typographical errors, Vanderburgh County has requested this court to dismiss the complaint against it to prevent any confusion. Therefore, any surviving claims in Count III against Vanderburgh County are dismissed. The claims in the Amended Complaint's Count III asserted against Sheriff Williams are not the subject of this Order.

### IV.  Conclusion

Defendants' Motion to Dismiss (Docket # 9) is **GRANTED** with prejudice as to Defendants Roy Wright, Robert D. Schmitt, M. Harrison, C. Howard, R. Miller and S. Sunderman for Count I under 42 U.S.C. § 1983; **GRANTED** with prejudice as to all

6

Individual Defendants for Count II's assault and battery claims; and **GRANTED** with prejudice as to Vanderburgh County, Indiana for Count III. The claims against Deputy Hertweck and Sheriff Williams remain.

**SO ORDERED** this 23rd day of October 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.